Mr. Richard Weiss, Director Arkansas Department of Human Services 329 Donaghey Plaza south P.O. Box 1437 Little Rock, Arkansas 72203-1437
Dear Mr. Weiss:
You have requested an Attorney General opinion concerning the disclosability of certain information that has been requested of the Department of Human Services (DHS) under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
The original FOIA request was for documents relating to a contract between DHS and the University of Arkansas, for the development of a plan to improve the quality of care being delivered at long-term care facilities. In connection with the development of this plan pursuant to the contract, a person who was engaged by the University of Arkansas interviewed various employees of the Office of Long-Term Care. This individual took notes of these interviews and transcribed the notes. The notes contain statements about named individuals concerning certain matters that are personal in nature. You indicate that the information contained in these statements is unsubstantiated. You therefore determined that the disclosure of these statements could be embarrassing and harmful to the named individuals. Accordingly, when these records were requested, you redacted the questionable portions before providing the documents to the requestor. The same requestor has now asked to be provided with unredacted versions of these documents.
You note that the above-stated facts present a question as to whether the interest in disclosure of this information is outweighed by the individuals' interest in keeping the information private. You have requested my opinion on this issue and have provided me with copies of both the redacted and the unredacted versions of these documents.
Although I cannot opine definitively in response to this question because I do not have all of the necessary facts (nor do I have the authority to determine unresolved questions of fact), it is nevertheless my opinion that the information in question appears to be of such a nature that the individuals' interest in keeping it private would outweigh any interest in its disclosure.
The balancing test to which you have referred is applicable to your situation only if the information that you chose to redact from the requested documents is protectable under the principle of constitutional privacy. Although a determination of whether this information is constitutionally protectable would require a determination of certain factual matters (a determination that I cannot make), it is my opinion that this information does appear — at least from the limited facts that I know — to be the type of information that is protectable under the principle of constitutional privacy.
The Arkansas Supreme Court explained the principle of constitutional privacy in McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). There, the court expressly recognized the protectability of certain individual privacy interests on constitutional grounds. (The court also recognized that the protection of such privacy interests could supersede the specific disclosure requirements of the FOIA. Id.) In order to be protectable on constitutional grounds, the privacy interest at issue must be of an extremely personal nature. In addition, there must be a showing that the harm that would result to the individual as a result of the release of the information in question outweighs the importance of disclosing it. Id.
The McCambridge court specifically held that the constitutional privacy interest applies to matters that (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the governmental action of disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If these attributes apply to the matters in question, the balancing test to which you referred then comes into play: A determination must be made as to whether the interest in disclosure under the Act (i.e., the public's legitimate interest in knowing the information) outweighs the individual's interest in keeping the information private. (As always, the person claiming the right will have the burden of establishing it, and like other exemptions to disclosure under the FOIA, the constitutional privacy interest is to be narrowly construed and applied.)
Every facet of the McCambridge test involves necessary determinations of fact. As indicated previously, I am not authorized to make determinations of fact. Nevertheless, from the limited facts that have been provided to me, I can conclude that with one exception, the information that you chose to redact from the requested documents does appear to rise to the level of constitutional protection under the McCambridge test. The one exception is a statement that "____ . . . put her up in a hotel for months at OLTC expense." Because this statement indicates an unlawful expenditure of public funds, it is my opinion that the public has a legitimate interest in the information, including the name of the party who is alleged to have made that unlawful expenditure, and that this public interest outweighs any privacy interest of the named individual.
It is my opinion that all of the other redactions were warranted. My conclusion with regard to these other redactions is based on the fact that the redacted allegations are extremely serious and personal in nature, and are of the type that, if true, a reasonable person would endeavor to keep private. Moreover, they are of a type that, if disclosed, could seriously harm and embarrass the named individuals. In addition, they are not directly related to the workings of government or to expenditures of public funds. Finally, I find it particularly pertinent that the allegations are not substantiated.
In light of the foregoing, it is my opinion that your decision to redact the information in question from the requested documents (with the one exception noted above) was correct and that the individual privacy interest in the redacted information outweighs the public's interest in knowing the information.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh